## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

===================================

TOVA HARTMAN individually and
on behalf of all others similarly situated


                              Plaintiff,


              -against-


MRS BPO, L.L.C.


                              Defendant.


===================================

## CLASS ACTION COMPLAINT

### *I.   Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.     Plaintiff Tova Hartman brings this action to secure redress from unlawful collection practices engaged in by Defendant MRS BPO, L.L.C. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

3.    Plaintiff is a citizen of the State of New York who resides within this District.

4.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.    Upon information and belief, Defendant's principal place of business is located in Cherry Hill, New Jersey.

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

10.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.    On or about March 16, 2016, MRS BPO, L.L.C. sent a collection letter to the Plaintiff Tova Hartman.

12.     The said March 16, 2016 letter was an effort to collect on a consumer debt.

13.     The letter offered the Plaintiff various settlement opportunities, which were time-sensitive.

14.     On or about April 26, 2016, MRS BPO, L.L.C. sent a further collection letter to the Plaintiff.

15.     The said April 26, 2016 letter also offered the Plaintiff time-sensitive settlement options.

16.     Defendant made these statements as a way to create a sense of urgency by the debtor and make her believe that she was under a true deadline to pay the debt.

17.     But from the April 26, 2016 letter, one can see that the time-deadlines to pay on the settlement offers were illusionary, as the Defendant was able to offer the Plaintiff with even better settlement offers to the ones presented in the March 16, 2016 letter.

18.     Defendant's letters harassed the Plaintiff and were false, deceptive and misleading as these settlement time-deadlines do not exist.

19.     Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

20.     Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

21.     Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

22.    Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

23.    Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

24.    In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.

25.    Debt collection agencies may not be deceitful in the presentation of a settlement offer.  The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may

not be deceitful in the presentation of the settlement offer." [1]

26.     In *Goswami*, the Fifth Circuit was presented with a letter from the Defendant that stated that it could offer the Plaintiff a 30% discount as long as it responded within the next 30 days, even though the Defendant had authority to offer the discount for longer than the 30 days. Id.  In reversing the district court's grant of summary judgment in favor of the Defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies to offer settlement, that policy consideration does not remove collection agencies' obligation under the FDCPA to deal in a non-deceitful manner. A collection agency may offer a settlement; however, it may not be deceitful in the presentation of that settlement offer, as [defendant] was in this case…[The defendant's] deception is actionable under the FDCPA and is not excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear that [the original creditor's] offer of a 30% discount was a one-time, take-it-or-leave-it offer that would expire in thirty days. The obvious purpose of the statement was to push [the plaintiff] to make a rapid payment to take advantage of the purported limited time offer.

27.     Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.[2]

28.     Such false statements are material false, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.

29.     If this would not be the case, the Defendant would not have offered the

---

[1] *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) citing *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 496 (5th Cir.2004)).

[2] *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006) ("Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.")

Plaintiff better settlement options in the subsequent April 26, 2016 letter.[3]

30.    A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

31.    Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.[4]

32.    The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[5]

33.    Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[6]  A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further

---

[3] *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012).("The safe harbor language in *Evory* ("we are not obligated to renew this offer") did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e.")
[4] See *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012). (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)
[5] *Campuzano*, 550 F.3d at 299 (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 496 (5th Cir. 2004).
[6] *Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also *Goswami*, 377 F.3d at 496.

chance to settle their debt for less than the full amount.[7]

34.     Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector.[8]

35.     A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

36.     The real intent of the Defendant's language as stated above is to pressure the Plaintiff to "pay up" before the imagined and false deadline runs out.

37.     On information and belief, it is the Defendant's pattern and practice to mail such collection letters to debtors within the State of New York.

38.     By reason thereof, Defendant's letters are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

---

[7] See *DeGeorge v. Fin. Recovery Servs.*, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012) (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

[8] *Reed v. Pinnacle Credit Services, LLC*, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009) ("The list of § 1692f violations found in the subsections are non-exhaustive.") (Internal citations and quotations omitted)

39.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

40.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

41.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

42.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

43.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

44.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

45.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of hers right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

46.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

47.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered

damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.    Class Allegations

48.    This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49.    The identities of all class members are readily ascertainable from the records of MRS BPO, L.L.C. and those business and governmental entities on whose behalf it attempts to collect debts.

50.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of MRS BPO, L.L.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

51.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

52.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

53.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

54.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)        **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

55.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

56.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

57.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

58.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI.     First Cause of Action

59.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60.     This cause of action, brought on behalf of the Plaintiff and the members of a class, consists of all persons whom Defendant's records reflect resided in the State of New York:

    a)  who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b)  the letters were sent to a consumer seeking payment of a personal debt;

    c)  the letters were not returned by the postal service as undelivered;

    d)  the Plaintiff asserts that the Defendant's letters violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA for harassing the Plaintiff and for engaging in deceptive, misleading, and unfair practices whilst attempting to collect on the alleged debt.

## VII.     Violations of the Fair Debt Collection Practices Act

61.     Defendant's actions as set forth in the complaint violated the FDCPA.

62.     Because Defendant violated the FDCPA, Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

63.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.     Jury Demand

64.     Plaintiff demands a trial by jury.

### IX.     Prayer for Relief

65.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated:Brooklyn, New York
   April 24, 2017

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

**MRS**
*INNOVATIVE SOLUTIONS. REAL RESULTS.*

Send Payment/Correspondence to:
MRS Associates
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
888-341-3915

*Office Hours :*
Monday - Thursday   9am - 11pm ET
Friday                       9am - 8pm ET

| RE: CHASE BANK USA N.A. |
|---|
| MRS ACCT#: ~~Redacted~~ 1413 |
| CLIENT ACCT#: xxxxxxxxxxxx5087 |
| **ACCOUNT BALANCE : $17,433.22** |

March 16, 2016

Dear TOVA HARTMAN,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options that will enable you to avoid further collection activity being taken against you. We are not obligated to renew this offer.

Option 1: You pay only $7,321.96 in ONE PAYMENT that must be received in this office on or before 03/31/2016.

Option 2: You make TWO PAYMENTS of $4,968.47 each. The first payment must be received in this office on or before 03/31/2016 and the second payment on or before 04/30/2016.

Option 3: A monthly payment plan on the full balance of the account.

Payment may be made by calling 888-341-3915, mailing to the above address or by using our online payment website at https://mrspay.webview.com (internet connection required). If you have any questions or wish to discuss other arrangements, you may contact us.

When you call please let our representative know that you have received the CHASE BANK USA N.A. Option Letter.

Sincerely,

MRS Associates
888-341-3915
MRS Associates is a trade name of MRS BPO, L.L.C.

> Tax time is a great time to put issues like this behind you. Consider using your tax refund to satisfy your outstanding obligation.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

**NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs, license number 1292105, 1292103.
MRS Associates contact: Denise Eichenberg - Mon - Fri 8 AM - 5 PM ET (888) 334-5677.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

**MRS**
*INNOVATIVE SOLUTIONS. REAL RESULTS.*

Send Payment/Correspondence to:
MRS Associates
1930 OLNEY AVE.
CHERRY HILL, NJ 08003
800-949-3208

Office Hours :
Monday - Thursday  9am - 11pm ET
Friday                        9am - 8pm ET

| CREDITOR: CHASE BANK USA N.A. |
| MRS ACCT#   Redacted   45 |
| CREDITOR ACCT#: xxxxxxxxxxxxx5087 |
| **ACCOUNT BALANCE : $17,433.22** |

April 26, 2016

Dear TOVA HARTMAN,

We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options to resolve your balance. We are not obligated to renew this offer.

Option 1: You pay $5,578.64 in ONE PAYMENT to be received in this office on or before 05/13/2016.

Option 2: You make TWO PAYMENTS of $4,096.81 each. The first payment to be received in this office on or before 05/13/2016 and the second payment on or before 06/13/2016.

Option 3: A monthly payment plan to pay the full balance of the account.

Payment may be made by calling 800-949-3208, mailing to the above address or by using our online payment website at https://mrspay.webview.com (internet connection required).

When you call please let our representative know that you have received the CHASE BANK USA N.A. Option Letter.

Sincerely,

MRS Associates
800-949-3208
MRS Associates is a trade name of MRS BPO, L.L.C.
█████ Redacted █████666

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

**NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs, license number 1292105, 1292103.
MRS Associates contact: Denise Eichenberg - Mon - Fri 9 AM - 5 PM ET (888) 334-5677.